IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **MARIO PÉREZ**, *et al.*,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>**JOSE CARLOS APONTE DALMAU**, *Mayor of the Municipality of Carolina, in his individual capacity*, *et al.*,<br><br>　　Defendants. | Civil No. 11-1773 (BJM) |

### OPINION AND ORDER

　　Mario Pérez and Pilar Santos Morales (collectively, "plaintiffs") sued José Carlos Aponte Dalmau ("Aponte") and Ivan Ayuso ("Ayuso"), respectively the mayor and director of the permits office for the Municipality of Carolina, in their individual capacities alone (collectively, "named defendants"), as well as other unnamed municipal employees. (Docket No. 1, hereinafter "Compl."). Plaintiffs allege that te defendants deprived and conspired to deprive them of constitutional rights, and seek damages under 42 U.S.C. §§ 1983 and 1985. Before the court is the named defendants' motion to dismiss for failure to state a claim. (Docket No. 47). Plaintiffs opposed. (Docket No. 48). For the reasons that follow, the motion to dismiss is **granted.**

### MOTION TO DISMISS STANDARD

　　To survive a motion to dismiss at the pleading stage, "an adequate complaint must provide fair notice to the defendants and state a facially plausible legal claim." Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011). A court parses the allegations of the complaint in two steps. First, "'legal conclusions couched as fact' or 'threadbare recitals of the elements of a cause of action'" are identified and completely disregarded. Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949–50 (2009)) (alteration marks omitted). The

remaining "[n]on-conclusory factual allegations" are then "treated as true, even if seemingly incredible." Id. The overall standard is only satisfied if those facts "state a plausible, not a merely conceivable, case for relief"; however, a court must not "attempt to forecast a plaintiff's likelihood of success on the merits." Id.

## FACTUAL BACKGROUND

Applying this lens, the factual allegations of the complaint may be summarized quite briefly. Plaintiffs are residents of Carolina. Aponte is the mayor of the municipality, and Ayuso is the director of the permits office. (Compl., ¶¶ 2-4). Sometime in late 2010, an unnamed municipal employee went to plaintiffs' home in order to inspect construction work and issue building permits. Plaintiffs believed that the employee's only task was to inspect the outside of the home; however, they caught the employee taking pictures of bedrooms and other places inside the home. (Id., ¶¶ 8-9). They reported this to other unnamed municipal officials and demanded copies of the photos, but have never been provided with them or any explanation of what they were used for. (Id., ¶¶ 10-11). Sometime following this incident, municipal officers (1) "mishandl[ed] required documentation for the building permits," (2) violated "certain rights afforded to plaintiff by federal law as a veteran," and (3) issued Pérez a traffic ticket in front of his house. (Id., ¶ 12). They have talked to the named defendants and other municipal officials, "to no avail." (Id., ¶ 13). Plaintiffs are suffering emotional distress and hardship. (Id., ¶ 14).

## DISCUSSION

Plaintiffs claim violations of their right against unreasonable searches under the Fourth Amendment, and of their rights to due process and equal protection under the Fifth and Fourteenth Amendments, and accuse defendants of conspiring to commit these violations. The named defendants respond, *inter alia*, that the conspiracy claim fails as a matter of law, that they

did not violate plaintiffs' rights, and that they are entitled to qualified immunity. (Docket No. 47, p. 7-8, 10-16).

The conspiracy claim requires little discussion. While plaintiffs' opposition occasionally mentions a "concerted unlawful and malicious conspiracy" among the defendants, they do not refute defendants' observation (Docket No. 47, p. 10-13) that a conspiracy claim under 42 U.S.C. § 1985 requires "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." See Griffin v. Breckenridge, 403 U.S. 88, 102 (1971); Soto-Padró v. Public Bldgs. Auth., 675 F.3d 1, 4 (1st Cir. 2012). Plaintiffs do not allege that any such animus exists here, and the claim invoking section 1985 must therefore be dismissed.

I next consider whether the named defendants are entitled to qualified immunity. Any person who deprives another of a federally protected right "under color of" state law may be held personally liable. See 42 U.S.C. § 1983. However, an individual is immune from suit for damages if either (1) the plaintiff fails to state a violation of a constitutional right, or (2) any such right was not "clearly established" when the alleged violation occurred. Maldonado v. Fontanes, 568 F.3d 263, 269 (1st Cir. 2009). This qualified immunity is "an immunity from suit and not a mere defense to liability," weeding out "insubstantial claims" even before discovery has occurred. Id. at 268. Importantly, an individual's office, standing alone, does not make him or her personally liable for the conduct of other government actors. Ayala-Rodríguez v. Rullán, 511 F.3d 232, 236 (1st Cir. 2007). Rather, a plaintiff must "establish that her constitutional injury resulted from the direct acts or omissions of the official, or from indirect conduct that amounts to condonation or tacit authorization." Rodríguez-García v. Miranda-Marín, 610 F.3d 756, 768 (1st Cir. 2010). Put differently, a plaintiff must allege "that the supervisor's conduct (whether action or inaction) constitutes supervisory encouragement, condonation or acquiescence, or gross negligence of the supervisor amounting to deliberate indifference." Grajales v. P.R. Ports Auth.,

682 F.3d 40, 47 (1st Cir. 2012) (citation and quotation marks omitted). This necessarily means that a supervisor must have "some kind of notice of the alleged violations . . . ." Lipsett v. Univ. of P.R., 864 F.2d 881, 902 (1st Cir. 1988) (citing Pembaur v. City of Cincinnati, 475 U.S. 469, 483-84 (1986)). In the qualified immunity calculus, this means that even assuming that a subordinate violated a clearly established constitutional right, the proper question is "whether, in the particular circumstances confronted by each [supervisor], that [supervisor] should reasonably have understood that *his conduct* jeopardized these rights." See Camilo-Robles v. Hoyos, 151 F.3d 1, 7 (1st Cir. 1998) (emphasis added) (synthesizing supervisory liability and qualified immunity doctrines).

Here, plaintiffs failed to allege or plausibly infer facts that would make Aponte or Ayuso personally liable, even assuming for argument's sake that *some* municipal employee violated their rights. They highlight the allegations that Aponte and Ayuso "were responsible for the promulgation and implementation" of municipal policy, failed to train their employees, and should have known about the incidents. (Docket No. 48, p. 7-8). "These are exactly the sort of 'unadorned, the-defendant-unlawfully-harmed-me accusation[s]'" held insufficient under Supreme Court and First Circuit precedent. See Feliciano-Hernández v. Pereira-Castillo, 663 F.3d 527, 534 (1st Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Indeed, plaintiffs' allegations closely resemble those rejected in *Feliciano-Hernández*—"that the defendants 'failed in their duty to assure adequate monitoring, disciplining, evaluating, training and supervising any and all personnel under their charge,'" and that "'[h]ad the defendants complied with their supervisory duties, they would have identified'" the malfeasant employees. See id. In sum, nothing in plaintiffs' narrative beyond mere conjecture suggests Aponte or Ayuso knew of plaintiffs' plight until sometime afterwards—assuming, generously, that their complaints to the municipality even went up the chain of command to either named defendant. Accordingly,

plaintiffs' conclusory allegations of negligent supervision are not entitled to be taken as true. On balance, then, the properly-considered factual allegations do not state a plausible claim against Aponte or Ayuso. They never suggest any causal link between either official and the unauthorized photography. As a result, plaintiffs have not alleged federal constitutional violations by either named defendant, and they are entitled to qualified immunity.

## CONCLUSION

For the foregoing reasons, the motion to dismiss is **GRANTED**. The claims against Jose Carlos Aponte Dalmau and Ivan Ayuso are **DISMISSED**. Moreover, plaintiffs are **ORDERED TO SHOW CAUSE** within seven (7) days why claims against the remaining John Doe and Jane Doe defendants should not be dismissed without prejudice for failure to timely serve process. See Fed. R. Civ. P. 4(m).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 30th day of November, 2012.

*S/Bruce J. McGiverin*
BRUCE J. McGIVERIN
United States Magistrate Judge